THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HENRY CRENSHAW AND EDWARD MORGAN, Defendants.

County Court, Bronx County, November 19, 1951.

*Thomas Russell Jones* for defendants.

*George B. De Luca, District Attorney* (*Irving J. Goldsmith* of counsel), for plaintiff.

JOSEPH, J.   This is an application to dismiss the indictment filed against the defendants.   The charge against the accused arises from the alleged possession of a revolver, by the defendant Morgan, after his previous conviction of a crime, while the codefendant Crenshaw is likewise charged with the unlawful possession of the same firearm (Penal Law, § 1897, subd. 4; § 1898-a).

A motion for an inspection of the Grand Jury minutes was heretofore made in behalf of the defendants and the relief sought, at that time, was urged upon the following facts as adduced in the Magistrate's Court hearing: At about 5:00 A.M. of August 2, 1951, the defendants, together with their two girl friends, were approached by police officers while they were

sitting in an automobile owned by the defendant Crenshaw which was parked at the intersection of Hunts Point Avenue and Lafayette Avenue, in The Bronx. The occupants of the car were questioned concerning complaints received over the police radio from residents of the vicinity that a woman was screaming in the street; whereupon one of the girls accused the defendant Morgan of getting fresh with her. One of the uniformed officers then took over the wheel of the car and with the two girls, drove it to the Simpson Street station house about a mile from where the automobile had been parked.

The defendants followed in a police car and with their girl friends were brought into a room, on the second floor of the precinct, for questioning. Their interrogation lasted about forty minutes and, at its termination, one of the detectives asked the uniformed officers present whether they had searched the automobile. Upon receiving a negative reply, the detective went into the street to search the car which meanwhile had been left unattended during the entire period of the interrogation. The windows of the car were open while the doors, although locked, could have been opened without a key. A .45 calibre automatic pistol was found underneath the front seat and a further search in the glove compartment revealed a cartridge fitting the gun which contained seven shells. Each defendant denied ownership and knowledge of the presence of the weapon and shells found in the automobile, and their arrest followed.

Fortified with this transcript relating to the sworn testimony as to the circumstances under which they were arrested, the defendants moved to inspect the minutes of the Grand Jury upon the ground that the evidence before that body was insufficient to warrant the finding of an indictment. Upon the argument in open court on the merits of the application, the District Attorney submitted the Grand Jury minutes to the court and conceded for the record that the revolver in question was found by the arresting officer, in the automobile owned by the defendant Crenshaw, approximately forty minutes after it had been left unattended while the defendants and their girl friends were being questioned in the police precinct. Nonetheless, it was contended by him that the defendants were amenable to prosecution and conviction for illegal possession of a firearm, under the provisions of section 1898-a of the Penal Law. It was urged that the defendants were in " constructive occupancy " of the automobile at the time the gun was found under one of its front seats and that the presumption of illegal possession of such firearm attached to both of the accused.

The court's own inspection of the Grand Jury minutes disclosed police testimony at variance with that adduced in the preliminary hearing in the Magistrate's Court. In other words, the police concealed from the Grand Jury, inadvertently or otherwise, the evidence that the pistol was found in the unattended automobile some forty minutes after the defendants were brought into the station house. The Grand Jury was given the impression that the weapon was found immediately after the defendants were ordered out of the car. The minutes, as such, of course, reveal a prima facie case.

Upon the basis of the conceded true facts of the case, the court granted the defendants an inspection of the Grand Jury minutes and the instant application is predicated on such inspection and upon the facts conceded on record by the District Attorney. The grounds advanced for a dismissal of the indictment are threefold: First — That section 1898-a of the Penal Law is unconstitutional in that "it places every citizen in the impossible position of having to explain the presence of a pistol in an automobile in which he is riding, of which he has absolutely no knowledge." Second — That the defendants were substantially prejudiced by the concealment of material evidence before the Grand Jury. Third — That the conceded facts of the case would not permit the Grand Jury, as a matter of law, to find an indictment against the defendants.

The defendants' first contention is without merit since the constitutionality of section 1898-a of the Penal Law has been upheld by our appellate courts (*People* v. *Rogalski,* 281 N. Y. 581; *People* v. *Russo,* 278 App. Div. 98). As to the second claim urged herein, the issue raised poses the serious question as to whether the legal processes of the court were invoked against the defendants without due regard for their constitutional rights. The law is well settled in this State that a court has inherent power to set aside an indictment that was procured in violation of the right of due process accorded an accused under both the State and Federal Constitutions. (*People* v. *Glen,* 173 N. Y. 395.)

Section 258 of the Code of Criminal Procedure provides that the Grand Jury ought to find an indictment when all the evidence before them would, if unexplained or uncontradicted, warrant a conviction by a trial jury. While the evidence given to the Grand Jury, in the instant matter, warranted the filing of a true bill, it is questionable whether an indictment would have been found if *all* of the evidence relating to the charge against the defendants had been submitted for their consideration.

Section 1898-a of the Penal Law which the District Attorney urges upon this court as a bar to a dismissal of the indictment reads in part as follows: " The presence in an automobile * * * of * * * a pistol * * * shall be presumptive evidence of its illegal possession by the persons found in such automobile at the time such weapon * * * is found." The language of the section clearly indicates that the presumption of illegal possession of a firearm attaches only to those who were *occupants* of the automobile *at the time the firearm is found*. In view of such interpretation, it is quite obvious that the defendants herein are not chargeable with the presumption under this section since they were not in physical occupancy of the car at the time when the weapon in question was discovered by the police. To hold that they were in " constructive occupancy " of the automobile would be a distortion of the legislative intendment of the aforesaid statute. No authority has been submitted by the District Attorney that holds otherwise and the court's independent research indicates that the issue, as it affects the facts of the instant case, has not heretofore been adjudicated.

In *People* v. *Russo* (*supra*), p. 101, COHN, J., speaking for a majority of the court stated: " Appellant's guilt, we think, was proven beyond a reasonable doubt. He and his codefendants and the pistol were all in the automobile together *immediately prior to the arrest*." (Emphasis supplied.) This holding seemingly indicates that under section 1898-a of the Penal Law, guilt is established beyond a reasonable doubt only when the defendants are in physical occupancy of the automobile at the time the proscribed weapon is found in the car.

In his opposing papers, the District Attorney reaffirms his position, as expressed in open court upon argument of the instant application, and urges that the defendants need not be physically inside of the automobile at the time the weapon is found in order for a prosecution to proceed under section 1898-a of the Penal Law. He contends that this section is not to be read literally because there are many conceivable instances where defendants would come under its provisions, though not physically inside of the automobile at the moment the prohibited pistol is found, viz., " Men are being chased by a police vehicle and at some point they flee from their vehicle and then the police find the weapon in the car even though the men in such a case are not actually and physically inside the vehicle at the moment the pistol is found."

This court is in full accord with the District Attorney in the applicability of section 1898-a of the Penal Law to the given state of facts provided the automobile, in which the weapon was found had been under police scrutiny or attendance during the pursuit of the accused, even though they had eluded capture and were subsequently arrested. In other words, this court gives legal sanction to the pertinency of section 1898-a of the Penal Law, as affecting persons not found physically inside an automobile at the time the designated weapon, instrument or appliance is found therein, only when other circumstances are present as would denote their constructive occupancy of such vehicle. Accordingly, the promulgation of the rule of constructive occupancy would be restricted to and become operative only in relation to persons who were known occupants of an automobile immediately preceding the finding of the prohibited weapon therein, irrespective of the locale of their arrest, or the time intervening therefor, *provided* the automobile in question has been under continuous custody or surveillance during the interval of the flight of the accused and the finding of the weapon, as to make such constructive occupancy uninterrupted and directly connecting the known occupants with the found prohibited weapon.

In view of this court's finding that the defendants in the instant case are not chargeable with the occupancy of the automobile in question, within the contemplation of section 1898-a of the Penal Law, as to attach to them the presumption of an illegal possession of the revolver found therein, the resolvement of the factual issue of whether the defendants, or either of them, owned the weapon and knew of its presence in the automobile or whether it was " planted " in the vehicle as contended by the defense, is of no importance at this time. The basic issue involved is one of law in that the circumstances of the entire case create an hypothesis of innocence that is equally consistent with that of guilt. Under the true facts of this case, as agreed upon by the defense and prosecution, this court upon a trial of the indictment herein would not permit a trial jury to speculate on the guilt or innocence of the defendants when their guilt could not possibly be proved by the People beyond a reasonable doubt. In such a situation, it would be the court's duty to direct a verdict of acquittal in the event of a trial on the indictment herein.

It is undeniable that where the proof falls below the standard of rebutting the presumption of innocence, and of proving guilt beyond a reasonable doubt to warrant a conviction, as required

by section 389 of the Code of Criminal Procedure, a question of law is presented and the case may not be submitted to the jury for a verdict. The court must direct a verdict of acquittal (*People* v. *Ledwon*, 153 N. Y. 10).

As against the foregoing, the indictment filed against the defendants herein cannot stand and must be and hereby is dismissed.