(May 26, 1964)

■ JEAN MONTREER, Respondent, v. JOHN B. HEWETT et al., Appellants. — Judgment in favor of plaintiff, entered December 20, 1963, unanimously reversed on the law, on the facts and in the exercise of discretion, the verdict vacated and a new trial granted, with costs to defendants-appellants, unless plaintiff stipulates to accept, in lieu of the award by verdict, the sum of $12,488, in which event the judgment is modified to that extent, and as so modified, affirmed, with costs to defendants-appellants. In this personal injury negligence action, it is evident that the jury verdict is grossly excessive and not warranted on the record. Settle order on notice. Concur — Breitel, J. P., Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE L. ANTHONY, Appellant.— Judgment convicting defendant of criminally possessing a pistol as a felony (Penal Law, § 1897), unanimously affirmed. Before enactment of section 1898-a of the Penal Law (now superseded by Penal Law, §§ 1899, 1900), mere presence in an automobile of a pistol and several persons was insufficient to establish constructive possession of the pistol by any of the persons (*People* v. *Di Landri*, 250 App. Div. 52; *People ex rel. De Feo* v. *Warden of City Prison*, 136 Misc. 836). Thus, the trial court, in the absence of the statutory presumption, would have been incorrect in charging on these facts that more than one of the persons in the automobile could exercise dominion over and have constructive possession of the pistol. However, the statute established a presumption that all of the persons "found in such automobile at the time such weapon * * * is found" illegally possessed the pistol, if one of them did not have a license. Consequently, if the presumption applied the charge given was actually more favorable to defendant than he deserved since it required a finding of dominion by defendant over the pistol, whereas the presumption did not. If the presumption did not apply, the charge was prejudicial in view of the above-cited cases. The presumption applied since it is undisputed and uncontradicted that immediately after the police officer saw the defendant leave the automobile, he kept it under observation, walked over to it, and saw the pistol inside before anyone or anything entered or left the automobile. Under these circumstances, the defendant was, under the statute, found in the automobile "at the time" the pistol was found there (cf. *People* v. *Russo*, 278 App. Div. 98; *People* v. *Crenshaw*, 202 Misc. 179, 183). The police officer did not conduct an illegal search and seizure by shining a flashlight into the automobile, seeing the pistol, and then seizing it (see *Smith* v. *State*, 155 Tenn. 40; Anno: Search and Seizure Before Arrest, 89 ALR 2d 715, 721–729). Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.