**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Walter Lee BUSH, Defendant-Appellant.**

**No. 74-1187.**

United States Court of Appeals,
Sixth Circuit.

Argued June 7, 1974.

Decided July 16, 1974.

20

Joe B. Campbell (Court-appointed), Bell, Orr, Ayers & Moore, Bowling Green, Ky., on brief, for defendant-appellant.

George J. Long, U. S. Atty., Richard A. Dennis, Asst. U. S. Atty., Louisville, Ky., on brief, for plaintiff-appellee.

Before EDWARDS and ENGEL, Circuit Judges, and GRAY,* District Judge.

PER CURIAM.

In a two-count indictment returned in the United States District Court for the Western District of Kentucky, the appellant herein, as a convicted felon, was charged with transporting a firearm in interstate commerce, in violation of 18 U.S.C. § 922(g), and with receiving and possessing a firearm which had moved in interstate commerce, in violation of 18 U.S.C. App. § 1202(a)(1). Having been acquitted on the transportation count, he appeals his jury conviction on the other count.

The three grounds for reversal of his conviction urged by appellant were substantially these: (1) There was not a sufficient nexus charged or proven between the interstate movement of the firearm in question and his possession thereof; (2) the firearm which formed the basis of the charge was the fruit of an illegal search and seizure; (3) the verdict of guilty was not supported by the evidence. These grounds will be discussed *seriatim*.

* The Honorable Frank Gray, Jr., Chief Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

In contesting the sufficiency of the nexus between the interstate movement of the firearm and the receipt and possession of that firearm, the appellant contends that the mere showing that the firearm in question had once moved in interstate commerce does not suffice and that, under the decision in United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), it is necessary to allege and prove either that there was possession *in commerce* or that the possession *affected commerce*. While it may be argued that *Bass* perhaps left open the door for appellant's contention, it is nevertheless clear that this court's decision in United States v. Brown, 472 F.2d 1181 (6th Cir. 1973), applying *Bass*, closed that door. This argument must, therefore, be rejected.

With reference to appellant's contentions as to the legality of the search, the record discloses that the police officers had information from the police dispatcher that the appellant was in a stolen car and that there might be a gun in the car. It further appears that, after the officers stopped the car in question, they searched the appellant and found several bullets. Based on the foregoing, we find that the officers had probable cause for their subsequent search of the automobile and its glove compartment, where the gun was found, and, under the circumstances, a warrant was not required for that search. It follows that neither the search nor the seizure herein was unreasonable under Fourth Amendment standards.

The appellant's final contention must likewise be rejected. The record contains sufficient evidence from which the jury could conclude that the defendant was a convicted felon, that he received and possessed the firearm in question, and that the firearm had previously moved in interstate commerce. The evidence, therefore, sustains the conviction.

Affirmed.