■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS ANDINO and EDWIN MUNSTER, Respondents.—Appeal by the People from an order of the County Court, Nassau County, dated February 16, 1977, which, after a hearing, granted defendants' applications to suppress oral and physical evidence. Order reversed, on the law and the facts, and applications to suppress denied. The threshold question that must be confronted is whether the police acted reasonably in investigating defendants' conduct. On the night of February 8, 1975 two plainclothes policemen observed one of the defendants standing around and furtively glancing about a commercial street and alleyway where most of the stores were closed. One store, Apple Hairdressers, had its lights on and people were inside, but the store appeared to be closed to the public. One defendant was observed standing around while the other was seen exiting the alley adjacent to the store. Both defendants were observed walking up and down the block, sitting by a closed factory and looking in all directions. One defendant again entered the alley where he was seen toying with the knob of the door to the Apple Hairdressers. That defendant then exited the alley and rejoined his companion. After a brief conversation, each drew an object from under his coat and walked up to the front door of the hairdressers. Defendant Andino put his hand on the doorknob, but was interrupted by his companion who motioned in the direction of the officers. Defendants placed the objects they were holding into their pockets, and withdrew from the vicinity to their parked car, approximately five blocks away. The police followed defendants' vehicle back and forth through the neighboring towns. Defendants would at times drive slowly, speed up, go through side streets, veer back on to main streets and, at two points, at the entrance to a shopping center and then a gas station, they slowed as if to enter but then continued on their way. Ultimately defendants' vehicle stopped in a driveway of a private home. It was then that the officers approached defendants. The hearing court acknowledged that defendants' behavior while in the vicinity of the hairdressers might give rise to a reasonable suspicion that defendants were about to commit a crime. The court found, however, that "the lapse of time and change of circumstances" dissipated any possible suspicion. We disagree. The officers' reasonable suspicions did not dissipate by reason of their being cautious. Clearly there were grounds for suspicion while defendants were at Apple Hairdressers. The officers saw possible criminal activity and, rather than act immediately, they continued their investigative surveillance to determine defendants' further criminal objective. Reasonable suspicion was not dissipated by defendants' evasive driving; rather, reasonable suspicion was enhanced. The police, therefore, had ample cause to be suspicious of defendants and were justified in stopping them and inquiring into their activities (see *People v De Bour*, 40 NY2d 210; *People v Doerbecker*, 39 NY2d 448). The stop being lawful, the officers' recovery of a billy club, in plain view on the rear seat of the car, was sufficient basis for the arrest (see *People v Cruz*, 34 NY2d 362, 370; *People v Hoffman*, 24 AD2d 497). The arrest was legal and any subsequent statements knowingly and voluntarily made by defendants after *Miranda* warnings were given are admissible at the trial. Based upon the ample record, this court finds that defendants' statements are properly admissible (see *People v Russo*, 45 AD2d 1040). Similarly, the physical evidence recovered at the scene after the arrest is admissible at the trial (see *People v Fitzpatrick*, 32 NY2d 499, cert den 414 US 1033). Gulotta, P. J., Latham, Damiani and O'Connor, JJ., concur.