SUMMERS, Chief Justice.
In a bill of information the District Attorney of East Baton Rouge Parish charged that on May 22, 1978 Kenneth Gedric possessed marijuana, a violation of section 966(C) of Title 40 of the Revised Statutes. A motion to suppress was filed on behalf of the defendant. Counsel stipulated that the motion to suppress would be heard at the trial; that the evidence sought to be suppressed was marijuana; the State had maintained a proper chain of custody; and the evidence heard on the motion would be considered at the trial to determine guilt or innocence.
After the hearing on the motion to suppress at the trial, the motion was denied, and the defendant was found guilty as charged. He was then sentenced to pay a fine of $150, plus costs, or in default to be confined in the parish jail for thirty-five days. Certiorari was granted on defendant’s application.
On May 22, 1978 Sergeants Thompson and Conners of the Narcotic Division of the East Baton Rouge Parish Sheriff’s Office were speeding along Government Street in an unmarked vehicle. They were answering a call and the vehicle’s flashing red lights were operating and the siren was being sounded. As they proceeded at a high rate of speed headed out of town they drove through several red stop lights. When they reached an area near Glenmore Street they noticed a car behind also traveling at a high rate of speed, with its lights flashing on and off. When the sheriff’s vehicle drove through red stop lights the following car did the same.
Thinking the following car was probably being driven by the city police checking them out because they were in an unmarked car, Thompson and Conners slowed down to stop. When they did, the following car drove in front of them blocking their path. As they stopped a black man, the defendant, got out of the driver’s side of the car ahead of them and headed for the sheriff’s vehicle.
Because of the unusual circumstances and the erratic, unlawful conduct of the driver who had just emerged from the other vehicle the officers drew their weapons, got out of their car, identified themselves and told defendant to place his hands on the car and spread his feet.
There were two other occupants in defendant’s car, one in the right front passenger seat and the other in the rear seat. Both were ordered out and also made to place their hands on the trunk of the vehicle and spread their feet.
The officers were confused, and were unable to understand what was going on, thinking the occupants of the car had weapons. While Thompson guarded the two at gunpoint at the rear of the car, Conners patted them down. Then, while standing outside, he looked into the defendant’s car through the door on the driver’s side, which defendant had left open. It was his concern that weapons may be present. From this vantage point Conners spotted a plastic baggie containing a small amount of marijuana on the floorboard on the driver’s side. A half-smoked marijuana cigarette was laying on top of the open ashtray.
On the basis of Conner’s observations, defendant and the other occupants of his car were placed under arrest. Thompson then searched the car and found another bag of marijuana and a license plate under the front passenger seat.
*1194 There is no “stop” by law enforcement authorities here. To the contrary, it was defendant who stopped them. The principal question is the propriety of the conduct of Officer Conners when he stood outside the car, looked in and saw the baggie of marijuana and the half smoked marijuana cigarette.
In the first instance it is necessary to decide whether defendant was under arrest when Conners first looked into the car. At the time defendant and his associates were at the rear of his car with their hands on the trunk and their feet spread apart. Thompson was guarding them with his weapon. Although defendant had not yet been told that he was under arrest his liberty and that of his companions was undoubtedly restrained. It is not the officer’s statement “You are under arrest” which is determinative of when an arrest is made, but rather it is the facts and circumstances indicating an intent together with an actual restraint of the accused’s liberty. State v. Sherer, 354 So.2d 1038 (La.1978); State v. Robinson, 342 So.2d 183 (La.1977); State v. Marks, 337 So.2d 1177 (La.1976). Defendant was therefore arrested when Conners glanced through the open front door of his car.
It is a fact also that exigent circumstances existed at the time. The choices open to the officers were to release defendant and his companions from custody or ascertain whether defendant’s automobile contained weapons which could be used against them on release, or whether defendant’s automobile contained drugs which were responsible for his unlawful, reckless and dangerous driving.
If the officers released defendant without satisfying themselves that his ear was free of weapons and drugs, they would undoubtedly be remiss in their duty. And, of course, if defendant was released he could remove himself from the jurisdiction and the evidence which they suspected was in the car would vanish. This was a situation envisioned by this Court in State v. Lain, 347 So.2d 167 (La.1977), when it decided
“ ‘Exigent circumstances’ normally exist when a moving vehicle is the subject of a search because of its mobility and the possibility that it could quickly be removed from the jurisdiction and the evidence destroyed. Faced with these possibilities, police armed with probable cause are justified in stopping the vehicle. At this point, in order to preserve the evidence and make an effective search, the police must either immediately search the car or seize it until a warrant can be obtained.”
Faced with these alternatives and the need to make a hasty decision, Conners acted responsibly as a law enforcement officer should. He walked to the open door of the car and discovered the marijuana. It was not a search. The officer was looking into and seeing what was openly exposed to view. Cook v. Commonwealth, 216 Va. 71, 216 S.E.2d 48 (1975). Once the door was open the marijuana was plainly visible and the marijuana was lawfully seized. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). Discovery of the first bag of marijuana was in natural light. A search implies prying into something, a circumstance not present here. People v. West, 12 N.Y.2d 1090, 240 N.Y.S.2d 159, 190 N.E.2d 532 (1963); People v. Anthony, 21 A.D.2d 666, 249 N.Y.S.2d 997 (1964); W. Ringel, Search & Seizure, Arrests and Confessions, § 289 (1972, & Supp.1978).
With the information thereby obtained probable cause was established to search the automobile. Officer Thompson’s subsequent search which uncovered an additional plastic baggie of marijuana was therefore a reasonable and valid search. U.S.Const. Amend. 4; La.Const. Art. I, § 5.
For the reasons assigned, the conviction and sentence of defendant are affirmed.
DENNIS, J., concurs and assigns reasons.
DIXON, J., dissents.