■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HUNTER, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered March 19, 1979, convicting him of criminal possession of stolen property in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the conviction of criminal possession of stolen property in the second degree to a conviction of unauthorized use of a vehicle and vacating the sentence imposed thereon. As

so modified, judgment affirmed. On March 6, 1978, at approximately 5:30 A.M., defendant was a passenger in a car being driven by another individual. An officer of the Lynbrook Police Department, driving an unmarked car, observed that the headlights of the car in which defendant was a passenger were not lit. The officer pulled up adjacent to the car and asked if the headlights were in working order. The driver responded that they were, but it took him some 20 seconds, during which time he glanced up and down and felt all over the dashboard, until he found the switch to turn the lights on. The car in which defendant was riding drove off, with no further conversation between the police officer or any of its occupants. However, the driver's behavior had aroused the officer's suspicion that the car might have been stolen or the driver drunk, so he proceeded to drive behind the car. He observed that it was being driven below the speed limit and that the occupants appeared to be staring straight ahead and not conversing. When the car approached the boundary of Lynbrook, the officer, who was not supposed to follow a suspect out of the jurisdicion save in hot pursuit, sounded his siren and shone his lights. The car immediately accelerated to approximately 65 miles per hour, and the officer proceeded to chase it. The chase ended when the suspect car jumped a guardrail on the Southern State Parkway and landed in a snowbank. The officer proceeded to the spot where the car landed, but by the time he reached it the occupants of the car had fled. The officer did, however, find a gun in plain view on the floor of the car. In the meantime, another police officer saw the defendant fleeing from the area of the car. This second officer found defendant lying face down in the snow in a wooded area off the highway. The first officer promptly identified defendant as the passenger in the car. It was subsequently determined that the car was stolen. Defendant moved to suppress the gun which was recovered from the car; the motion was denied. He also moved unsuccessfully to preclude the People from relying on the provision in subdivision 2 of section 265.15 of the Penal Law that "The presence in any stolen vehicle of any weapon * * * is presumptive evidence of its possession by all persons occupying such vehicle at the time such weapon * * * is found." The denial of both of these motions was correct. The initial stop of the car for failure to have lighted headlights was proper (see *People v Ingle,* 36 NY2d 413). After the driver turned on the headlights the officer quite properly permitted him to proceed. However, the officer chose to follow the vehicle, based upon the suspiciously long time it took the driver to find a switch which, had he been driving his own car, he should have been able to locate immediately (see *People v Andino,* 60 AD2d 633). This fact, added to the unusually slow speed for that hour of the morning at which the automobile was being driven and the strange demeanor of its occupants, amounted to reasonable suspicion sufficient to justify the officer's seeking to pull the car over before it left his jurisdiction. When the car suddenly sped away at an accelerated speed of 65 miles per hour, jumped the guardrail, landed on a snowbank, and then the occupants fled on foot, probable cause to arrest was established (see *People v Kreichman,* 37 NY2d 693). Accordingly, all of the actions of the police were proper, as was the seizure of the gun. The presumption in subdivision 2 of section 265.15 of the Penal Law was properly charged. The presumption applies, by its terms, only against persons in the vehicle "at the time such weapon * * * is found" (see *People v Stepps,* 31 AD2d 59; cf. *People v Leyva,* 38 NY2d 160, 169). However, we note that the defendant was observed fleeing the car, and that the gun was found therein immediately afterward, before any person who had not been an occupant of the car could have placed it there. In *People v Anthony* (21 AD2d 666) a police officer saw the defendant leave the automobile, kept it under observation, walked over to it, and saw a pistol in it "before anyone or anything entered or left the automobile." The presumption was held applicable

there, and it was likewise applicable here. We hold, however, that since no proof was offered that defendant knew that the automobile was stolen, his conviction of criminal possession of stolen property in the second degree was unsupported by the evidence. We note that the evidence would have been sufficient to support a conviction of the lesser included offense of unauthorized use of a vehicle, and therefore, pursuant to our authority under CPL 470.15 (subd 2, par [a]), we reduce the conviction for possession accordingly. There is no need to remand for resentence since defendant has already served the maximum time to which he could be sentenced on the unauthorized use of a vehicle conviction (Penal Law, §§ 165.05, 70.15; *People v Bell,* 55 AD2d 624). Damiani, J.P., Gibbons, Gulotta and Weinstein, JJ., concur.