■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY HEIZMAN, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rotker, J.), dated November 21, 1985, as granted that branch of the defendant's omnibus motion which was to dismiss the second count of the indictment which charged the defendant with criminal possession of a weapon in the third degree.

Ordered that the order is reversed, insofar as appealed from, the aforementioned branch of the motion is denied, the second count of the indictment is reinstated, and the matter is remitted to Criminal Term for further proceedings.

Criminal Term erred in concluding that the People could not rely upon the statutory presumption that the defendant possessed a weapon in this case. Penal Law § 265.15 (3), *inter alia,* provides that the "presence in an automobile * * * of any firearm * * * is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon * * * is found". While it is true that the defendant, having fled the scene, was not actually in the automobile at the time the gun was found, the gun was observed by the police immediately after the defendant's flight, during the course of their struggle with his codefendant, and "before any person who had not been an occupant of the car could have placed it there" *(see, People v Hunter,* 82 AD2d 893, 894, *affd* 55 NY2d 930; *People v Anthony,* 21 AD2d 666, *cert denied* 379 US 983; *cf., People v Astor,* 98 Misc 2d 1084; *People v Crenshaw,* 202 Misc 179).

The alternate ground raised by the defendant for affirming Criminal Term's dismissal of the indictment, to wit, the purported deficiency of the instructions on the role of a presumption, may not be considered on this appeal by the People (CPL 470.15 [1]; *People v Goodfriend,* 64 NY2d 695). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.