■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO SANTIAGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered November 27, 1985, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made to law enforcement officials.

Ordered that the judgment is affirmed.

On June 15, 1985, at about 12:13 P.M., the defendant was a passenger in a car traveling along Pitkin Avenue in Brooklyn. Anticrime police officers followed the car in an unmarked police vehicle. During this time, the car was seen to reach a speed of 60 miles per hour and to pass through a red light. The car came to a stop and was double-parked when the police approached the driver and asked for his license and registration. The driver exited his vehicle, leaving the door open, and the officers observed a partially open satchel, from which protruded a plastic bag containing what appeared to be white powder. The driver and the defendant were arrested.

Initially, we find that the defendant had standing to contest a search of the car in which he was a passenger *(see, People v Millan,* 69 NY2d 514; *People v Mosley,* 68 NY2d 881, *cert denied* 482 US 914; *People v Hunter,* 82 AD2d 893, *affd* 55 NY2d 930; *People v Anthony,* 21 AD2d 666, *cert denied* 379 US 983).

However, we find that the evidence adduced at the hearing indicates that the police conduct was lawful and that branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied. There is no evidence to support the defendant's contention that the police officers' hearing testimony was incredible as a matter of law or patently tailored to nullify constitutional objections *(see, People v Matias,* 137 AD2d 625, *lv denied* 71 NY2d 1030; *People v Rivera,* 121 AD2d 166, *affd* 68 NY2d 786; *People v Brown,* 107 AD2d 754; *People v Armstead,* 98 AD2d 726). As the physical evidence was seized pursuant to lawful police conduct and the defendant does not contest that he was given his *Miranda* rights, that branch of the defendant's omnibus motion which was to suppress the statement at issue was also properly

denied. Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.