■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR BAEZ, Appellant. [617 NYS2d 203] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered April 7, 1992, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the hearing court should have suppressed the narcotics because the testimony of the arresting police officer was incredible. "It is well settled that the determination of the suppression court, with its advantages of having seen and heard the witnesses, must be accorded great weight and should not be set aside unless clearly unsupported by the record" *(People v Overton,* 188 AD2d 491, 492). Upon review of the hearing record, we find no evidence to support the defendant's claim that the officer's testimony was incredible as a matter of law, patently tailored to nullify constitutional objections, or otherwise unworthy of belief *(see, e.g., People v Santiago,* 144 AD2d 502). Accordingly, we discern no basis for disturbing the court's denial of suppression.

Similarly unavailing is the defendant's contention that reversal is required because the People elicited evidence that the police knew the defendant by a different name and had placed the apartment from which he exited under surveillance. The trial court sustained a defense objection to the former testimony and promptly provided the jury with a curative instruction, thereby obviating any prejudice to the defendant *(see, People v Santiago,* 52 NY2d 865). Under these circumstances, the court did not improvidently exercise its discretion in denying the defendant's request for a mistrial *(see generally, People v Ortiz,* 54 NY2d 288). Moreover, the references to police surveillance of the apartment were not unduly prejudicial to the defendant *(see generally, People v McCallop,* 159 AD2d 731), and provided necessary background information to explain the arresting officer's presence at the scene. Accordingly, the challenged testimony did not deprive the defendant of a fair trial. Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.