■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KURTIS CURRY, Also Known as MICHAEL CLAY, Appellant. [624 NYS2d 234] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered September 7, 1993, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police did not act improperly in conducting a protective frisk of his person. The officers responded to a radio transmission regarding "shots fired" in the area and observed the defendant and his companion walking in the area at 2:15 A.M. They further observed a bulge in the waistband of the defendant's companion, and a handgun was recovered from the defendant's companion during an ensuing pat-down of his person. These facts gave rise to a reasonable belief on the part of the testifying police officer that the defendant might also be armed and that the safety of the officer and others might be in jeopardy. Accordingly, the totality of the circumstances supports the hearing court's conclusion that the minimally intrusive conduct of the officer was reasonable and lawful (see, e.g., People v Rich, 206 AD2d 443; People v Nelson, 179 AD2d 784; People v Watson, 96 AD2d 1066; People v Jenkins, 87 AD2d 526; see generally, People v Salaman, 71 NY2d 869; People v Davis, 166 AD2d 604).

The defendant's contention that the police officer's hearing testimony was contrived is unpersuasive. It is well settled that the factual findings and credibility determinations of the hearing court are entitled to great deference on appeal (see, People v Prochilo, 41 NY2d 759), and its conclusions will not be set aside unless manifestly erroneous or unsupported by the record (see, People v Mack, 195 AD2d 485). We discern no basis for disturbing the court's determination in this case, inasmuch as it is supported by the record and the officer's testimony was neither incredible as a matter of law nor patently tailored to overcome constitutional objections (see, People v Ennis, 158 AD2d 467; People v Villa, 156 AD2d 402).

Finally, the defendant lacks standing to challenge the propriety of the pat-down of his companion. The gun seized from

the companion was not the basis for the arrest of the defendant. Rather the defendant's arrest was based on a proper pat-down of his person which revealed his own possession of an illegal handgun *(see generally, People v Wesley,* 73 NY2d 351; *cf., People v Mosley,* 68 NY2d 881, *cert denied* 482 US 914). Sullivan, J. P., Copertino, Hart and Krausman, JJ., concur.