■ In the Matter of JAY B., a Person Alleged to be a Juvenile Delinquent, Appellant. [658 NYS2d 128] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Pearce, J.), dated June 11, 1996, which, upon a fact-finding order of the same court, dated May 15, 1996, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree and had committed acts which constituted unlawful possession of a weapon by a person under 16 (two counts), adjudged him to be a juvenile delinquent, and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated May 15, 1996, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The vehicle in which the appellant was a passenger was stopped for several traffic infractions. The appellant concedes that it was permissible for the officers to direct the passengers to exit the vehicle *(see, People v Robinson,* 74 NY2d 773, *cert denied* 493 US 966; *see also, Maryland v Wilson,* 519 US —, 117 S Ct 882). The appellant and the passenger who had been sitting next to him in the rear seat were frisked, and a gun was recovered from the passenger. Based on that discovery, the appellant was frisked a second time, and a small gun was recovered from his pocket.

The appellant's contention that he was illegally detained and frisked is without merit. The police officer who stopped the vehicle had reason to believe that its occupants were engaged in criminal activity as his observations and a check on the vehicle's New Jersey license plate led him to believe that the vehicle was stolen. Once a gun was found on one of the passengers, the officers were justified in frisking the appellant *(see, People v De Bour,* 40 NY2d 210; *People v Curry,* 213 AD2d 664; *see also, Terry v Ohio,* 392 US 1). The appellant's contention that he was impermissibly frisked a second time, after the initial frisk failed to reveal that he was armed, is without merit, as the officers were entitled to take this precautionary measure once a gun was found on his companion *(cf., People v Diaz,* 81 NY2d 106). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.