■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAHSHON JACKSON, Appellant. [663 NYS2d 988] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered January 25, 1995, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for the review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Having failed to argue before the hearing court that his statements to law enforcement authorities should be suppressed as the product of police coercion and abuse, the defendant's contention in this regard is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Claudio,* 64 NY2d 858; *People v Tutt,* 38 NY2d 1011; *People v Manuli,* 156 AD2d 388). In any event, the court properly denied suppression of the statements inasmuch as the evidence adduced at the hearing established that they were made after the defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights *(see, People v Huntley,* 15 NY2d 72; *People v Springer,* 221 AD2d 386).

Also unpreserved for appellate review is the defendant's contention that his conviction was not supported by legally sufficient evidence *(see,* CPL 470.05 [2]; *People v Cannon,* 224 AD2d 439). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see,* Penal Law § 125.25 [3]; § 160.15 [4]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was not excessive *(see, People v Brooks,* 209 AD2d 427; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit *(see, People v Taranovich,* 37 NY2d 442; *People v Flores,* 84

NY2d 184; *People v Baldi,* 54 NY2d 137; *People v Crimmins,* 36 NY2d 230). Ritter, J. P., Sullivan, Santucci and McGinity, JJ., concur.