■ The People of the State of New York, Respondent, v Lenin Fernandez, Appellant. [691 NYS2d 386] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered May 23, 1996, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the first degree and unlawful imprisonment in the first degree, and sentencing him to concurrent terms of 12½ to 25 years on the burglary and robbery convictions and a consecutive term of 1⅓ to 4 years on the unlawful imprisonment conviction, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all the above sentences be served concurrently, and otherwise affirmed.

The court properly denied defendant's motion to suppress identification testimony. The circumstances that the police encountered defendant and his companions leaving the scene as the police arrived to investigate a report of an armed robbery in progress, combined with the police observations of furtive and nervous behavior of the group at the mere sight of the police, provided a founded suspicion that criminal activity was afoot, thereby permitting inquiry as to their purpose in the building (*see, People v De Bour*, 40 NY2d 210, 223). The failure of defendant or any of his companions to provide a reasonable response to that simple inquiry, and the concomitant observation by an experienced police officer of a bulge in the waistband of one of defendant's companions, justified a safety frisk of defendant and his companions (*People v Curry*, 213 AD2d 664, *lv denied* 85 NY2d 971). The recovery of a gun from one of defendant's companions, as well as a knife from defendant, who also carried a security box known to the officers to be a target of the type of robbery reported, provided the reasonable suspicion of criminal activity required to detain defendant and

his companions for showup purposes (*People v Hicks*, 68 NY2d 234, 242). The prompt on-the-scene showup procedure challenged by defendant was proper in all respects. The circumstance that defendant was handcuffed at the time did not render the procedure unduly suggestive (*People v Duuvon*, 77 NY2d 541, 545), and there is no evidence that the identifications made by the first complainant in any way influenced the identifications made by the second complainant, or that they were told, in advance of the showup procedure, that an item of. stolen property had been recovered from the individuals being held.

Defendant's claim that police testimony at trial improperly bolstered the complainants' identification testimony is not preserved and we decline to review it in the interest of justice. Were we to review the claim, we would find no basis for reversal.

Defendant did not preserve his claim that he was denied a fair trial because of various verbal exchanges between defense counsel and the prosecutor, as well as between defense counsel and the court, and we decline to review this claim in the interest of justice. Were we to review it, we would find no basis for reversal (*see, People v Gonzalez*, 251 AD2d 51, *lv denied* 92 NY2d 982), since the court protected the integrity of the proceedings by ensuring that most of the colloquy was conducted outside the presence of the jury, and since the court repeatedly instructed the jury to disregard those portions of the colloquy that occurred in the jury's presence. In this connection, we note that the hostile courtroom atmosphere complained of was created by the aggressive tactics of defense counsel, who never sought, or accepted, the court's offer of a mistrial.

We find the sentence excessive to the extent indicated. Concur—Sullivan, J. P., Williams, Wallach, Rubin and Mazzarelli, JJ.