■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO MARTINEZ, Appellant. [731 NYS2d 872] —Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered February 3, 1999, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court improperly denied that branch of his omnibus motion which was to suppress physical evidence because the police did not adequately apprise him of his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436) before obtaining his consent to search his premises. The contention is unpreserved for appellate review, as the defendant failed to raise that specific claim before the hearing court (*see,* CPL 470.05 [2]; *People v Martinez,* 267 AD2d 332; *People v Jackson,* 241 AD2d 526, *cert denied* 523 US 1061; *People v Bartlett,* 191 AD2d 574). In any event, the contention is without merit. The testimony at the hearing established that the defendant consented to the search of his barber shop after he was apprised of his *Miranda* rights, and that he did not invoke either his right to counsel or to remain silent (*see, People v Martinez, supra; People v Jackson, supra*). Krausman, J. P., S. Miller, Schmidt and Adams, JJ., concur.