■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RIVERA, Appellant. [812 NYS2d 575]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered October 31, 2003, convicting him of robbery in the first degree, robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Erlbaum, J.), after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94

[1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant contends that the hearing court improperly denied that branch of his omnibus motion which was to suppress his postarrest statement to the detective who arrested him because the testimony of the detective at the pretrial suppression hearing was patently tailored to overcome constitutional objections. The contention is unpreserved for appellate review, as the defendant failed to raise that specific claim before the hearing court (*see* CPL 470.05 [2]; *People v Martinez*, 287 AD2d 654 [2001]; *People v Martinez*, 267 AD2d 332 [1999]; *People v Jackson*, 241 AD2d 526 [1997]; *People v Bartlett*, 191 AD2d 574 [1993]). In any event, the defendant's contention is without merit. The factual findings and credibility determinations of the hearing court are entitled to great deference on appeal, and its conclusions will not be set aside unless manifestly erroneous or unsupported by the record (*see People v Curry*, 213 AD2d 664 [1995]). Upon review of the hearing record, we find no evidence to support the defendant's claim that the detective's testimony was incredible as a matter of law, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (*see People v Curry, supra*; *People v Baez*, 208 AD2d 638, 639 [1994]; *People v Santiago*, 144 AD2d 502 [1988]). Accordingly, we discern no basis for disturbing the court's denial of suppression.

The Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial founded on his allegation that a conflict of interest prevented the prosecutor from adequately investigating complaints lodged by a defense witness against the complainant. A public prosecutor should only be removed upon a showing of "actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence," and the appearance of impropriety, standing alone, does not require disqualification (*People v English*, 88 NY2d 30, 33-34 [1996] [internal quotation marks omitted]; *see Matter of Schumer v Holtzman*, 60 NY2d 46, 55 [1983]; *People v McCullough*, 141 AD2d 856, 859 [1988]). "The objector should demonstrate actual prejudice or so substantial a risk thereof as could not be ignored" (*Matter of Schumer v Holtzman, supra* at 55 [internal citations omitted]; *see People v English, supra* at 33-34; *People v McCullough, supra* at 859). At

bar, the defendant offered no demonstration whatsoever of prejudice. Indeed, the District Attorney's office had explicitly deferred the investigation of the complainant to the police department. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.