## Richmond

### RICHARD PAUL SCHAUM v. COMMONWEALTH OF VIRGINIA.

January 20, 1975.

Record No. 740126.

Present, All the Justices.

*William P. Robinson, Jr. (William T. Mason, Jr.; Lester V. Moore, Jr.; Mason, Moore & Robinson, on brief), for plaintiff in error.*

*James E. Kulp, Assistant General (Andrew P. Miller, Attorney General, on brief), for defendant in error.*

Harman, J., delivered the opinion of the court.

Richard Paul Schaum (Schaum or defendant), who waived a trial by jury, was convicted by the trial court of burglary, Code

§ 18.1-89, and sentenced to confinement in the penitentiary for a term of three years.

We granted a writ of error to review Schaum's claims that illegally seized evidence was admitted at his trial and that the evidence is not sufficient to support his conviction.

The residence of Adeline Nicora at 220 Mayflower Road in Portsmouth was burglarized on the night of October 31, 1972. The burglary was discovered by Detective J. H. Simpson, Jr., who went to the vicinity in response to a telephone complaint from one of Nicora's neighbors that a prowler was in the neighborhood. Another neighbor, Samuel Gibson, reported to Detective Simpson that he had observed a dark blue Valiant automobile bearing North Carolina license plates drive past the Nicora residence several times at a slow speed with its headlights extinguished. Detective Simpson reported the burglary on the police radio and alerted other police units to be on the lookout for the automobile as described by Gibson.

Sergeant B. D. Wood heard Simpson's radio message. Wood knew that Gary Neil Ellis was suspected of other burglaries and that Ellis owned a car which fitted the description broadcast by Simpson. Wood proceeded to the Cavalier Manor area of Portsmouth and parked across the street about a half block away from the residence of E. L. Harrison, known to Sergeant Wood to be a "fence," a dealer in stolen goods.

Within ten minutes after receiving the radio message, Sergeant Wood observed Ellis' dark blue Valiant automobile, bearing North Carolina license plates LD6422, park in front of Harrison's residence. Four men alighted from the car. Wood observed the defendant go to Harrison's front door while Ellis and the two other men remained on the sidewalk outside the house. A short time later defendant rejoined his companions and they drove away in the Ellis car.

When Wood attempted to follow the car and was unable to do so because of traffic, he broadcast a description of the car and its occupants with a request that the car be located and that its occupants be apprehended.

A short time later the car, driven by Ellis, was stopped by several other police officers who arrested its occupants, including the defendant, and took them to the police station. The car was impounded and driven to police headquarters by one of

the officers. When the contents of the locked trunk of the car were inventoried, several items of personal property taken from the Nicora residence were revealed.

A television set and a pistol, also taken from the Nicora residence, were recovered the same night by the police from Harrison who testified that he had purchased them from Schaum and Ellis. Harrison paid for the television set and pistol with a check for $100 made payable to Schaum at Schaum's request. The television set and gun, positively identified by serial numbers, were admitted in evidence without objection.

■ The defendant's first argument, that the search was illegal because there was no probable cause for the arrest of the occupants and detention of the car, is without merit.

Probable cause, as the very name implies, deals with probabilities. These are not technical; they are the factual and practical considerations in everyday life on which reasonable and prudent men, not legal technicians, act. Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *Draper* v. *United States,* 358 U.S. 307, 313 (1959); *Oglesby* v. *Commonwealth,* 213 Va. 247, 250, 191 S.E.2d 216, 218 (1972).

At the time the Ellis car was stopped and its occupants arrested, the police had probable cause to believe that a burglary had in fact occurred at the Nicora residence. They knew that a dark blue Valiant automobile, bearing North Carolina license plates, had been seen by a neighbor at or about the time of the burglary, driving up and down the street by the Nicora home with extinguished headlights. Within ten minutes after a report of the burglary was broadcast over the police radio, a dark blue Valiant automobile bearing North Carolina license plates LD6422 and belonging to Ellis, who was known to the police and suspected by them of other burglaries, came to the residence of Harrison, a known "fence." The police also knew that the defendant had gone to the Harrison residence and had remained there for a short time.

In these circumstances we find that the police had probable cause to arrest Ellis and the other occupants of his car. *Chambers* v. *Maroney,* 399 U.S. 42, 46-47 (1970).

■ The police likewise had probable cause to conduct a warrantless search of the vehicle, either at the place where it was stopped or shortly thereafter at the police station, since there was probable cause to believe that the car had been used in the commission of the burglary and contained fruits of the crime. *Chambers* v. *Maroney, id.* at pp. 48-52.

■ Alternately, the inventory of the contents of the car, after its occupants had been lawfully arrested, has been recognized by this court as a legitimate police practice under the circumstances. Such a practice is in harmony with, and not in violation of, the Fourth Amendment. *Cabbler* v. *Commonwealth,* 212 Va. 520, 184 S.E.2d 781 (1971), *cert. denied* 405 U.S. 1073 (1972).

■ We likewise find no merit in Schaum's contention that the evidence was insufficient to sustain his conviction. The evidence given by Harrison that the defendant sold him the television set and gun taken a short time before from the Nicora residence was, if accepted by the court, sufficient to sustain Schaum's conviction. While Schaum attempted to explain his possession of these goods, this explanation need not have been and obviously was not, accepted by the trial court.

Unexplained or falsely explained possession of goods recently stolen in a burglary, coupled with other inculpatory circumstances, will sustain a conviction of burglary where the sufficiency of the evidence is challenged. *Christian* v. *Commonwealth,* 210 Va. 117, 168 S.E.2d 112 (1969). Therefore, when the Commonwealth's evidence proves a breaking and entering, and a theft of goods, and justifies the inference that both offenses were committed at the same time, by the same person, as a part of the same criminal enterprise, and if the evidence proves further that the stolen goods are found soon thereafter in the possession of the accused, the Commonwealth has made a prima facie case that the accused broke and entered. *Brown* v. *Commonwealth,* 213 Va. 748, 749-50, 195 S.E.2d 703, 705 (1973).

*Affirmed.*