## CIRCUIT COURT OF ESSEX COUNTY

Commonwealth of Virginia

v.

Dirk W. Young

November 28, 1990

By JUDGE JOSEPH E. SPRUILL, JR.

The Court here is asked to suppress evidence obtained in the arrest and search of the defendant, D. W. Young, on January 31, 1990. On that date, Captain D. W. Parker, an experienced police officer with the Essex County Sheriff's Department, received information from a person, who had furnished him reliable information in the past, that Young had illegal drugs on his person for sale. Parker and another officer from the Sheriff's Department located Young in a local Food Lion grocery store, approached Young, and asked him to step outside for questioning. Young agreed. On the way out of the store, Young attempted to place his hands in his pockets, and Captain Parker restrained him by holding his (Young's) arms. A brief struggle ensued.

Young was arrested for disorderly conduct, and a search of his person yielded a plastic film canister containing drugs. Also found on the person of the defendant was $650.00 cash.

Young argues that there was no probable cause for the arrest, search or seizure. Young relies on, among other cases, *Lett v. Commonwealth*, 7 Va. App. 191 (1988). In *Lett*, defendant happened to be in a place where police went to execute a search warrant for a room occupied by someone else. The officer grabbed Lett's purse and found a gun. The Court of Appeals held there was no probable cause under these circumstances to search Lett's purse.

*Lett* is distinguishable from this case. Here, Young was the object of the investigation. He is the one suspected

of drug activity. The officer was armed here with more than mere suspicion. Parker was justified in briefly stopping Young for investigation. *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868 (1968).

The sequence of events here are of significance. At the time defendant was placed under arrest, Parker had information supplied by the reliable informant; he observed the furtive gestures of defendant in attempting to place his hands in his pockets, for whatever purpose; and he (Parker) observed the defendant's subsequent disorderly conduct.

Young also relies on *Moss v. Commonwealth*, 7 Va. App. 305 (1988). In this case, Moss, after being observed by the police, was accosted by the officer who shined a flashlight in his face. The police conduct here was found to be improper. The opinion states, however:

> It is well established that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." Page 308.

In *Moss*, the Court found that the officer could not reasonably have suspected Moss of criminal activity based on the officer's observations alone. In *Young*, we have the informant's tip, as well as Young's conduct, to bolster the officer's suspicions.

The Commonwealth's position is supported by *Wright v. Commonwealth*, 222 Va. 188 (1981). Officer Parker testified that his informant had given information which had proven reliable in the past. Young himself was known to Officer Parker. *Wright* holds: "When, as here, an informant has a record of furnishing reliable reports, an officer is justified in crediting a new report . . . ." Even when the informant fails to state the source of his information, what he says may be sufficient to satisfy the requirements of *Aguilar v. Texas*, 378 U.S. 108 (1964), if he describes the criminal activity in sufficient detail that he obviously is relying on more than casual rumor. Young's conduct after Parker's approach supplied further cause for the officer to believe that criminal conduct was occurring.

> Where there are exigent circumstances in which police action literally must be 'now or never' to preserve the evidence of the crime, it is reasonable to permit action without prior judicial evaluation. *Roaden v. Kentucky*, 413 U.S. 496 (1973).

We find Officer Parker's arrest and seizure under the circumstances here not violative of the defendant's constitutional protections.

We further believe that as a result of the product of the search of defendant's person, the officers had probable cause to obtain a warrant for the search of his home. This is not to say, however, that the items seized at the home are admissible in the absence of some connection with the charge.

In *Hollis v. Commonwealth*, 216 Va. 874 (1976), our Supreme court held:

> As an articulated legal standard, probable cause deals with probabilities concerning the factual and practical considerations in everyday life as perceived by reasonable and prudent persons. It is not predicated upon a clinical analysis applied by legal technicians. *Brinegar v. United States*, 338 U.S. 160 (1949); *Schaum v. Commonwealth*, 215 Va. 498, 211 S.E.2d 73 (1975). In determining whether probable cause exists, courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control. *Davis v. United States*, 409 F.2d 458 (D.C. Cir. 1969).

Under all the circumstances here, we conclude the Motion to Suppress must be denied.