## Salem

CLAUDE HENRY MAZZA

v.

COMMONWEALTH OF VIRGINIA

No. 1646-91-3

Decided August 17, 1993

908

COUNSEL

Mark T. Williams (Williams, Stilwell, Morrison and Williams, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—In this appeal from his bench trial convictions by the Circuit Court of the City of Danville (trial court) for third-offense operation of a motor vehicle while under the influence of alcohol and hit and run for leaving the scene of an automobile accident, Claude Henry Mazza (appellant) contends that the trial court erroneously refused to suppress evidence necessary to support those convictions. In addition, he argues that the trial court erred in ruling that his driving under the influence arrest was not in violation of Code § 19.2-81.

We recite the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Martin v. Commonwealth,* 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). At approximately 3:15 p.m. on January 4, 1991, while driving alone in a pick-up truck, appellant sideswiped a car driven by Claude Wayne Massey. He then struck two other cars, forcing one of them into a ditch. Immediately following the collisions, appellant got out of the truck, leaned against its side, then walked away from the scene without giving his name, address or any other information.

Danville Police Officer Samuel Cousins, the first policeman to arrive at the scene, estimated his time of arrival to be approximately 3:18 p.m. The witnesses told him that the truck driver was a white male with stocky build, dark hair, and wearing a brown jacket and blue jeans. Cousins reported this description to the central dispatcher. Danville Police Officer Todd Brown, who was operating a police vehicle nearby, heard the report and within two or three minutes arrived at the accident scene. He was given the truck driver's description by Cousins. Another witness added that the truck driver had a mustache and had departed into nearby woods.

Brown went toward the woods to which he had been directed and saw a man he knew, who further directed him toward a field that was

enclosed by a barbed wire fence where, within five minutes, appellant was discovered approximately 250 yards from the accident scene. Appellant matched the description Brown had been given by Cousins and the witnesses.

Brown called to appellant to stop. Instead of responding to that request, appellant ran toward the fence, where he became entangled in the barbed wire. While Brown was trying to remove appellant from the barbed wire, appellant dropped a paper bag containing a partially filled bottle of whiskey and a clear plastic bag, with some white powder in it that was proved to be cocaine.

As Brown collected the whiskey and cocaine evidence, appellant became combative and again attempted "to get away." Another police officer arrived at the fence and, to prevent further combativeness or flight, the officers placed handcuffs on appellant. This occurred within ten to fifteen minutes from the time Brown first arrived at the accident scene. Brown told appellant that he was not under arrest but was to be taken back to the scene for identification purposes. As the officers walked appellant toward the police car, Brown noticed that appellant was unsteady on his feet, had a strong odor of alcohol on his breath and had bloodshot and glassy eyes and slurred speech.

Before returning to the accident scene, appellant was informed of his *Miranda* rights. He was then placed in the police car and driven back to the scene of the accident, where the eyewitnesses identified him as the driver of the pick-up truck. The foregoing described events occurred within approximately one-half hour from the time of the accident.

At approximately 3:45 p.m., appellant was told he was under arrest and offered an alcohol sensor and blood test. He was not given a field sobriety test because, as he sat in the police car, he started "beating his head against the shield . . . kicking and hollering"; subsequently, however, appellant asked for a blood test and was taken to a hospital where, at 4:18 p.m., blood was withdrawn from his left arm. At the hospital, he denied having consumed any alcohol after the collisions. While attending appellant at the hospital, Brown determined that appellant's driver's license had been suspended. Thereafter, appellant was charged with third-offense driving under the influence, unlawful

possession of cocaine,[1] hit and run, and driving a motor vehicle after his license was suspended.

After the Commonwealth rested, appellant moved to strike the Commonwealth's evidence on the ground that, when appellant was stopped in the field and prevented from leaving, he was thereby arrested without a warrant for a crime not committed in the presence of the officers, and that Code § 19.2-81 did not authorize a warrantless arrest in this case. For that reason, he further contends that all evidence which "flows" from that arrest should have been suppressed. The trial court sustained appellant's motion relative to the suspended license and denied the other motions. At that point, appellant rested without presenting any evidence and renewed his motions to suppress and dismiss the driving under the influence and hit and run charges.

## I. The Suppression Issue

■ If articulable facts support a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information. *Hayes v. Florida*, 470 U.S. 811, 816-17 (1985); *Williams v. Commonwealth*, 4 Va. App. 53, 64, 354 S.E.2d 79, 85 (1987). Here, a criminal offense had occurred. Officer Brown viewed the scene of the crime. He was told that the truck driver who caused the collisions left the scene without leaving his name, address or any other information. *See* Code § 46.2-894. He was given a detailed description that matched appellant and directed toward the path of the driver's departure. The record discloses that Brown had a particularized and objective basis for suspecting appellant as the person who left the scene of the accident without making a report as required by Code § 46.2-894. These facts justified an investigative detention, which led to the discovery of his possession of cocaine. *See Terry v. Ohio*, 392 U.S. 1 (1968); *Brown v. Texas*, 443 U.S. 47 (1979); *Lansdown v. Commonwealth*, 226 Va. 204, 308 S.E.2d 106 (1983), *cert. denied*, 465 U.S. 1104 (1984); *Howard v. Commonwealth*, 210 Va. 674, 173 S.E.2d 829 (1970). Appellant concedes that the initial detention was valid; however, he argues that the subsequent physical force exerted by the police in handcuffing and forcefully returning him to the crime scene for identification purposes exceeded their authority to detain him. We disagree.

---

[1] At oral argument, appellant acknowledged that he was not asking that his conviction for possession of cocaine be reversed.

■ Appellant was sighted in a field in the general proximity of the crime scene and was requested to stop within a few minutes of the time the collisions occurred. Instead of honoring Brown's request to stop, appellant attempted to flee and became entangled in a barbed wire fence. During the officer's attempt to untangle appellant, appellant dropped in plain view a paper bag containing a three-quarters full bottle of whiskey and a plastic bag containing cocaine. The police confiscated both items. Appellant does not contend that the cocaine evidence should have been suppressed. He does not contend that his conviction for unlawfully possessing that drug should be reversed. He also does not challenge that probable cause existed to arrest him for that crime. Under the facts shown, he was validly detained for investigations of a violation of Code § 46.2-894 and for possession of cocaine when he was returned to the crime scene. We find no constitutional violation involved in appellant's detention. The police had probable cause to arrest him for possession of cocaine.

> Probable cause, as the very name implies, deals with probabilities. These are not technical; they are the factual and practical considerations in everyday life on which reasonable and prudent men, not legal technicians, act. Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.

*Schaum v. Commonwealth*, 215 Va. 498, 500, 211 S.E.2d 73, 75 (1975) (citing *Draper v. United States*, 358 U.S. 307, 313 (1959); *Oglesby v. Commonwealth*, 213 Va. 247, 250, 191 S.E.2d 216, 218 (1972)). "In determining whether probable cause exists courts will test what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control." *Hollis v. Commonwealth*, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976) (citation omitted).

The trial court did not err when it held that no basis existed for suppressing the evidence.

## II. Code § 19.2-81

Appellant concedes that the initial encounter between Brown and him was a permissible investigatory detention within the guidelines of

*Terry.* He asserts, however, that when the police handcuffed and returned him to the accident scene, they exceeded the limitations of *Terry* and subsequent decisions, and the detention became a statutorily prohibited warrantless arrest for a misdemeanor that did not occur within their presence.

Code § 19.2-81, in relevant part, provides:

**Arrest without warrant authorized in certain cases.** — . . . the members of any duly constituted police force of any city or town of the Commonwealth, . . . may arrest, without a warrant, any person who commits any crime in the presence of such officer and any person whom he has reasonable grounds or probable cause to suspect of having committed a felony not in his presence
. . . .

Any such officer may, at the scene of any accident involving a motor vehicle, . . . or at any hospital or medical facility to which any person involved in such accident has been transported, . . . on any of the highways . . . of the Commonwealth, upon reasonable grounds to believe, based upon personal investigation, including information obtained from eyewitnesses, that a crime has been committed by any person then and there present, apprehend such person without a warrant of arrest.

Appellant argues that the trial court erred when it held that the arrest was authorized by an exception contained in the statute, and that the trial court should have held that the statute did not permit the arrest. Appellant further argues that when the police contended that they did not arrest him until after the identification was made, and when the trial court agreed with that contention, the Commonwealth thereby acknowledged that no probable cause existed to arrest him. We disagree. As discussed above, the police articulated facts supporting reasonable suspicion that appellant was the person they sought for leaving the scene of an accident without filing a report, and that it was appellant's action that produced in plain view the cocaine that gave them probable cause to arrest him. Notwithstanding that the police described their actions as an investigatory detention, not an arrest, we hold that the facts established that an arrest supported by probable cause occurred when the cocaine was discovered as a result of the *Terry* stop and appellant was placed in handcuffs. Accordingly, we do not agree that the provisions of Code § 19.2-81 were violated.

For the reasons stated, the judgments of the trial court are affirmed.

*Affirmed.*

Benton, J., and Coleman, J., concurred.