COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Richmond, Virginia


MARK THOMAS

v.    Record No. 0738-02-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RUDOLPH BUMGARDNER, III
DECEMBER 10, 2002

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Robert W. Duling, Judge Designate

Craig W. Stallard, Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

Kathleen B. Martin, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


The trial court convicted Mark Thomas during a bench trial of receiving stolen property, Code § 18.2-108.  He contends the evidence is insufficient to prove that the items were stolen or that he knew they were stolen.  Concluding the evidence was sufficient, we affirm.

We view the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth.  Commonwealth v. Taylor, 256 Va. 514, 516, 506 S.E.2d 312, 313 (1998).  The defendant sold 2,240 pounds of aluminum pipe and plates to a scrap metal firm for $1,008.  He explained he was

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"cleaning up a yard and . . . this was surplus material." The pipe was "brand new material," and though unbundled, it still had the banding and labels attached. On the labels and stamped in ink on the pipes was the name and address of Industrial Alloy Fabrications.

The scrap dealer called the plant manager at Industrial Alloy Fabrications and asked if he had recently disposed of a lot of heavy wall pipe. The manager checked the inventory and discovered that about 9 - 12 pieces of pipe were missing from the fenced storage yard. Each pipe was 12 - 14 feet long but weighed between 150 to 200 pounds. The total weight was about 2,000 pounds, and the total value was about $3,000. The pipes were part of a special order fabricated for a job in Waynesboro and were "very, very odd material." The plant manager had seen the pipes a week earlier. Within that week, the lock on an old gate had been broken, and the gate, which had not been opened in years, had been forced open.

As the trial court noted, "these goods are not everyday household goods." They were "a special run of [heavy] pipe." They bore the name and address of the owner and were specifically identified by the owner as being stolen within a week. The owner could identify these nearly unique pipes, and the evidence supported a finding, beyond a reasonable doubt, that they had been stolen.

The defendant did not deny possessing the pipes within a week of being stolen. Possession of recently stolen property "constituted prima facie evidence that the defendant received the stolen goods with guilty knowledge and cast upon him the burden of going forward with evidence in explanation." Roberts v. Commonwealth, 230 Va. 264, 271, 337 S.E.2d 255, 260 (1985). The defendant told the purchaser he was cleaning a yard, but the trial court is not required to accept his explanation. Schaum v. Commonwealth, 215 Va. 498, 501, 211 S.E.2d 73, 75 (1975).

The pipe looked brand new, still bore the markings of the owner, and was a special form of unusually heavy aluminum pipe. The trial court could reasonably infer that the pipes the defendant sold as surplus scrap were not found while cleaning a yard. "When the defendant's hypothesis of innocence is [rejected as] unreasonable, evidence of possession of recently stolen goods is sufficient to support a conviction for the crime of larceny . . . or the crime of larceny by receiving stolen goods." Westcott v. Commonwealth, 216 Va. App. 123, 127, 216 S.E.2d 60, 64 (1975) (citation omitted). See also Stapleton v. Commonwealth, 140 Va. 475, 488-89, 124 S.E. 237, 241-42 (1924) ("'when goods are shown to have been stolen, recent possession of them is evidence against the possessor, tending to show . . . a guilty receiving by him'"). Accordingly, we affirm.

Affirmed.