COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Frank and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


SHAUN NEIL MARSHALL

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 1829-08-1                    JUDGE ROBERT P. FRANK
                                                       JULY 14, 2009
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                            Randall D. Smith, Judge

           Kathleen A. Ortiz, Public Defender (Office of the Public Defender,
           on brief), for appellant.

           Alice T. Armstrong, Assistant Attorney General II (William C.
           Mims, Attorney General, on brief), for appellee.


       Shaun Neil Marshall, appellant, was convicted, in a bench trial, of grand larceny in

violation of Code § 18.2-95 and statutory burglary in violation of Code § 18.2-91.  On appeal, he

contends that the circumstantial evidence was insufficient to sustain his convictions.

Specifically, he argues that he successfully rebutted the inference of guilt arising from his recent

possession of stolen property.  For the reasons that follow, we affirm.

                                    BACKGROUND

       K.W. (victim) testified that on March 20, 2007, twenty tools worth approximately $800

were stolen from his garage.  Later that day, the victim's son located five of the same stolen tools

at a local pawnshop.  By the time the victim arrived at the shop, only four of the tools were still

there.  The victim valued those items between $103 and $118.

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

During his investigation, Detective Torres spoke with appellant. Appellant stated to Torres that he bought the four power tools from B.C. for ten dollars on the morning of March 20, 2007, and he later sold them to the pawnshop on the same day.

Torres arrested appellant for grand larceny and statutory burglary. The trial court pointed out that in appellant's statement to Torres, he admitted possession of the property and offered an explanation as to how he obtained the property. The court concluded that appellant's statement to Torres was "a self-serving statement" and did not find it to be a "true version or credible version to explain [appellant's] recent possession of stolen merchandise." The court convicted appellant based upon the inference of guilt arising from possession of recently stolen property.

This appeal follows.

ANALYSIS

When faced with a challenge to the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence' to support it." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). A reviewing court does not "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original). We ask only whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447. "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Id. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

> Under Virginia law, upon proof of a breaking and entering and a theft of goods, and if the evidence warrants an inference that the breaking and entering and the theft were committed at the same time by the same person and as part of the same transaction, "the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny."

Bright v. Commonwealth, 4 Va. App. 248, 253, 356 S.E.2d 443, 445 (1987) (quoting Cannady v. Commonwealth, 210 Va. 533, 535, 172 S.E.2d 780, 781 (1970)).

Appellant contends that because his statement to Torres was neither impeached nor contradicted, the trial court was obligated to accept his exculpatory statement to Torres as true.

> Ordinarily, uncontradicted evidence should be accepted as true and cannot be wholly discredited or disregarded if not opposed to probabilities, even though the witness is an interested party. Uncontradicted evidence is not, however, necessarily binding on the court or the jury. It may be disbelieved where it is inherently improbable, inconsistent with circumstances in evidence, or somewhat contradictory in itself, especially where the witness is a party or is interested. Neither courts nor juries are required to believe that which they know from ordinary experience is incredible.

Stegall v. Commonwealth, 208 Va. 719, 722, 160 S.E.2d 566, 568 (1968).

The trial court was not obligated to accept appellant's explanation as credible. Roberts v. Commonwealth, 230 Va. 264, 272, 337 S.E.2d 255, 260 (1985). It is well established that the trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

The record clearly supports the trial court's rejection of appellant's explanation for his possession of the tools. It is uncontested that on March 20, 2007, the victim's garage was burglarized and $800 worth of tools were stolen. Appellant admitted to Torres that on the day of

the burglary, he was in possession of four of the stolen tools. By explanation, appellant told Torres that be purchased the tools from B.C. for ten dollars and sold them at a local pawnshop.

The trial court did not believe that appellant "would just happen to be in the vicinity, that he would just happen to have purchased the stolen merchandise for a sum of $10, and then immediately go to [the pawnshop] and make a tidy profit." "We have said many times that we are not required to accept as true that which we know from human experience is incredible." Terry v. Commonwealth, 174 Va. 507, 515, 6 S.E.2d 673, 676 (1940). The court clearly rejected appellant's story as too coincidental. Essentially, the trial court disregarded appellant's explanation as too "opposed to probabilities." See Stegall, 208 Va. at 722, 160 S.E.2d at 568.

Appellant argues that any evidence of a false denial must come from evidence extrinsic to appellant's explanation. The language in Stegall belies this argument, as Stegall allows the fact finder to examine only the content of the purported explanation. We underscore that Stegall allows the fact finder to disbelieve any statements that are "inherently improbable, inconsistent with circumstances in evidence, or somewhat contradictory in itself, especially where the witness is a party." Stegall, 208 Va. at 722, 160 S.E.2d at 568; see also Servis v. Commonwealth, 6 Va. App. 507, 525, 371 S.E.2d 156, 165 (1988) (rejecting defendant's uncontroverted explanation for his possession of a large amount of cash, finding that defendant had no "satisfactory explanation for how he earned the money").

Appellant argues Schaum v. Commonwealth, 215 Va. 498, 211 S.E.2d 73 (1975), supports his position. In Schaum, appellant was convicted of burglary. The evidence at trial proved that on the same night as the burglary, police recovered a television set and a pistol, items taken during the burglary, from another individual who told police he purchased them from Schaum for $100. Id. at 500, 211 S.E.2d at 75. Schaum attempted to explain his possession of

the items, but the trial court rejected his explanation.  Id. at 501, 211 S.E.2d at 75.  The Supreme

Court of Virginia upheld Schaum's conviction, stating,

> The evidence given by Harrison that the defendant sold him the
> television set and gun taken a short time before from the [victim's]
> residence was, if accepted by the court, sufficient to sustain
> Schaum's conviction.  While Schaum attempted to explain his
> possession of these goods, this explanation need not have been and
> obviously was not, accepted by the trial court.

Id.

After reviewing the evidence, the trial judge in this case found that appellant's

explanation was self-serving and not believable.  See Marable v. Commonwealth, 27 Va. App.

505, 509-10, 500 S.E.2d 233, 235 (1998) (finding that "[i]n its role of judging witness

credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and

to conclude that the accused is lying to conceal his guilt").

The trial judge heard the testimony of the witnesses and in light of all the evidence in the

record, evaluated and rejected appellant's explanation to Torres as to how he came to possess the

stolen property.  Appellant's explanation of how he purchased, then pawned, the tools was not

plausible, and from all the circumstances here a reasonable man could not be expected to believe

it.  See Stegall, 208 Va. at 723, 160 S.E.2d at 569.  Therefore, the court could rely on evidence of

appellant's falsely denied recent possession of the stolen tools as proof of his larceny and

burglary.  Montague v. Commonwealth, 40 Va. App. 430, 438, 579 S.E.2d 667, 671 (2003).

### CONCLUSION

For the foregoing reasons, we find the trial court did not err in finding the evidence

sufficient to convict appellant of grand larceny and statutory burglary.  Accordingly, we affirm.

Affirmed.