COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Raphael


PHILIP CODY FRANKLIN

                                                  MEMORANDUM OPINION[*]

v.     Record No. 0609-21-3                              PER CURIAM
                                                       APRIL 5, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

(Michael A. Nicholas; Daniel, Medley & Kirby, P.C., on brief), for
appellant.

(Mark R. Herring,[1] Attorney General; Robin M. Nagel, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the Circuit Court of Henry County convicted Philip Cody Franklin

of breaking and entering, in violation of Code § 18.2-91.[2] Appellant argues that the circuit court

"erred in finding [him] guilty of breaking and entering on the basis that he was in possession of

recently stolen goods, and thus failing to overrule contrary precedent." We hold that the appeal is

wholly without merit.[3] Consequently, we affirm the circuit court's judgment.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

[2] The circuit court also convicted appellant of grand larceny. Although appellant noted the larceny conviction on the notice of appeal, he has not assigned any error to the circuit court's judgment for that conviction or presented any argument on brief. Accordingly, we limit our analysis to the breaking and entering conviction. *See* Rule 5A:20.

[3] After examining the briefs and record in this case, the panel unanimously agrees that because the appeal is "wholly without merit," oral argument is unnecessary. Therefore, we dispense with oral argument in accordance with Code § 17.1-403(ii)(a) and Rule 5A:27(a).

BACKGROUND

"On appeal, an appellate court is required to consider the evidence and all inferences fairly deducible from it in the light most favorable to the Commonwealth, the prevailing party at trial." *Lambert v. Commonwealth*, 298 Va. 510, 515 (2020). Therefore, we "discard" the appellant's evidence that conflicts with that of the Commonwealth, and "regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Gerald v. Commonwealth*, 295 Va. 469, 473 (2018) (quoting *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015)).

The victims left their home on Lee's Ridge Road in Henry County around 8:00 a.m. on March 11, 2020. When they returned between 3:00 and 4:00 that afternoon, they discovered their television, a fifty-dollar bill, several jars of coins, some tools, and a jewelry box containing several rings were missing.

Around 12:18 a.m. on March 12, 2020, Henry County Sheriff's Deputy Evan Monroe received a call regarding a suspicious vehicle on Lee's Ridge Road, less than a quarter of a mile from the victims' residence. Monroe located a "blue Mercury Gran [sic] Marquis," which he later determined belonged to appellant's brother, George Franklin. Appellant was seated in the driver's seat and was the sole occupant. Appellant told Monroe that George left to retrieve some gas from George's father's house, which also was located on Lee's Ridge Road.

During the conversation, Monroe noticed a small glass smoking device in the pocket of the driver's side door and a spoon with burnt residue. Monroe stated that the smoking device was consistent with marijuana use and the spoon with intravenous drug use. Monroe detained appellant and searched the car for other evidence of illegal drug use. In the vehicle's cabin, Monroe found more drug paraphernalia, two pill bottles belonging to one of the victims, and George's I.D. In the trunk of the car, Monroe found a tool set, a jewelry box containing jewelry, a camera, and another

I.D. card.[4]  Appellant told Monroe that he was with George on March 11, 2020.  He denied knowledge of the items in the trunk.

At the conclusion of the Commonwealth's evidence, appellant moved to strike, arguing that the evidence was insufficient to convict him of breaking and entering.  Appellant acknowledged precedent permitting the circuit court to infer the defendant's guilt when a breaking and entering occurred and the defendant was found in "unexplained recent possession of stolen goods." Appellant argued, however, that the case law should be "overruled."  Appellant further asserted that there was no evidence that he knew the stolen items were in the car, especially because they were not in plain view.  The circuit court denied appellant's motion.

Appellant and George's mother, Lavita Franklin, testified that on the morning of March 11, 2020, George left her house sometime before 1:00 p.m. and returned around 2:30 p.m.  Then, around 2:00 or 3:00 p.m., appellant and George left together in George's car, which George was driving.  Lavita testified that George did not let anyone else drive his car.  Lavita did not see either brother return that day.  Around 10:30 a.m. the following morning, George returned alone.  George was upset, his clothes were muddy and wet, and it appeared as though he had been running through the woods.

Appellant then testified in his own defense; he denied breaking into the victims' house and stealing their property.  Appellant testified that around 3:30 or 4:00 p.m. he and George departed for appellant's grandmother's house in Martinsville.  Later, around 5:15 to 5:30 p.m., they travelled to George's father's house, which was across the street from the victims' home on Lee's Ridge Road. George stopped the car approximately "a quarter of a mile" away from his father's house.  George told appellant to wait in the car while he went to get gas from his father's house.  George never

---

[4] The victims identified the tool set, jewelry box, jewelry, and camera as their stolen items.  The I.D. card found in the trunk belonged to a woman named Angela Meredith.

returned. Appellant admitted to waiting in the vehicle "for a while," and eventually moved into the driver's seat so he could "turn the car over" and "turn[] the radio on."[5] Appellant testified that he did not look in the trunk and was not aware of its contents. He also did not leave the car to look for George.

After the defense rested its case, appellant incorporated a renewed motion to strike within his closing argument. The circuit court again denied the motion and convicted appellant of grand larceny and breaking and entering. The circuit court sentenced appellant to five years of incarceration on each charge, with the entire sentence suspended. This appeal followed.

STANDARD OF REVIEW

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

---

[5] When asked if he sat in the car for "six to seven hours" while waiting for his brother, appellant admitted that he sat there "for quite a while."

- 4 -

ANALYSIS

Appellant asserts that the evidence presented at trial was insufficient to prove he broke into and entered the victims' residence and stole the items. Appellant argues that the current precedent permitting an inference that he committed the breaking and entering should be overruled because appellant did not know about the stolen items in the car and no other evidence suggests that he committed the breaking and entering.

"To sustain a conviction for statutory burglary under Code § 18.2-91, the Commonwealth must prove: (1) the accused . . . broke and entered the dwelling house in the daytime; and (2) the accused entered with the intent to commit any felony other than murder, rape, robbery or arson." *Speller v. Commonwealth*, 69 Va. App. 378, 387 (2018) (alteration in original) (quoting *Robertson v. Commonwealth*, 31 Va. App. 814, 820-21 (2000)).

> The Commonwealth can establish a prima facie case that a defendant broke and entered by (1) proving that goods have been stolen from a house into which someone has broken and entered; (2) justifying the inference that both offenses were committed at the same time, by the same person, as a part of a criminal enterprise; and (3) proving that these goods were found soon thereafter in the possession of the defendant.

*Finney v. Commonwealth*, 277 Va. 83, 90 (2009) (quoting *Guynn v. Commonwealth*, 220 Va. 478, 480 (1979) (*per curiam*)); *Schaum v. Commonwealth*, 215 Va. 498, 501 (1975) (same); *see also Bright v. Commonwealth*, 4 Va. App. 248, 251 (1987) (same).

Appellant acknowledges that this is the controlling precedent but argues that it "go[es] too far." Appellant asks this Court to "overrule *Bright* [and its progeny] and hold that a recent possession of stolen items does not infer guilty [sic] for burglary, regardless of situs or temporal proximity to the theft." He contends that the Commonwealth should not rely "on an inference to support proof beyond a reasonable doubt."

"'[W]e are bound by decisions of the Supreme Court of Virginia and are without authority to overrule' them." *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017) (quoting *Roane v. Roane*, 12 Va. App. 989, 993 (1991)). Moreover, under the doctrine of inter-panel accord, "a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of *stare decisis* until overruled by a decision of the Court of Appeals sitting *en banc* or by a decision of [the Supreme] Court." *Brown v. Commonwealth*, 68 Va. App. 44, 51 n.1 (2017) (quoting *Johnson v. Commonwealth*, 252 Va. 425, 430 (1996)). "This principle applies not merely to the literal holding of the case, but also to its *ratio decidendi*—the essential rationale in the case that determines the judgment." *Hutton v. Commonwealth*, 66 Va. App. 714, 724 n.5 (2016) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73-74 (2003)). Thus, we lack the authority to overrule either *Finney* or *Bright*.

Turning to the merits of appellant's sufficiency challenge, he argues that the only evidence to prove that he broke into the victims' house and stole the property was the inference flowing from his possession of recently stolen goods. We disagree with appellant's assessment of the evidentiary landscape. "Merely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017) (alterations in original) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)).

"While a factfinder may not arbitrarily disregard a reasonable doubt, whether 'the hypothesis of innocence is reasonable is itself a "question of fact," subject to deferential appellate review.'" *Burton v. Commonwealth*, 58 Va. App. 274, 285-86 (2011) (quoting *Clanton v. Commonwealth*, 53 Va. App. 561, 572-73 (2009) (*en banc*)). "By finding [a] defendant guilty . . . the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable

theory of innocence.'" *Edwards*, 68 Va. App. at 301 (first alteration in original) (quoting *Haskins*, 44 Va. App. at 9). The appellate court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution." *Wright v. West*, 505 U.S. 277, 296-97 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998)). If the trial court concludes the defendant has testified falsely, then it is entitled to "treat such prevarications as 'affirmative evidence of guilt.'" *Coleman v. Commonwealth*, 52 Va. App. 19, 25 (2008) (quoting *Wright*, 505 U.S. at 296). "When 'credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)).

In the present case, the Commonwealth's evidence established that the victims' home had been broken into and numerous items of personal property, including a television, jewelry box, tool set, and camera, were stolen on March 11, 2020. The victims were away from their home for no more than six hours that day, so the opportunity to commit the offenses was limited. Given the timing, the inference that the burglary and theft occurred at the same time and were committed by

the same person as part of the same criminal enterprise was justified. Less than twenty-four hours after the theft, Monroe found appellant in possession of the victims' stolen property, including the jewelry box, tool set, and camera, a short distance from the victims' home. Thus, the Commonwealth's evidence established a *prima facie* case of breaking and entering.

"Unexplained or falsely explained possession of goods recently stolen in a burglary, coupled with other inculpatory circumstances, will sustain a conviction of burglary where the sufficiency of the evidence is challenged." *Schaum*, 215 Va. at 501. As appellant acknowledges, the circuit court "did not credit [his] testimony that he did not have knowledge of the goods in the car." "The rejection of a hypothesis of innocence 'is binding on appeal unless plainly wrong . . . .'" *Ervin v. Commonwealth*, 57 Va. App. 495, 519 (2011) (*en banc*) (quoting *Archer v. Commonwealth*, 26 Va. App. 1, 12-13 (1997)). Here, the circuit court rejected appellant's account and permissibly concluded that appellant was lying to conceal his guilt. The circuit court was entitled to treat appellant's perjured testimony as further proof of his guilt. *Coleman*, 52 Va. App. at 25.

## CONCLUSION

The circuit court's judgment was not plainly wrong or without evidence to support it. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of breaking and entering and larceny. Moreover, for the reasons stated above, we decline appellant's invitation to discard established precedent. Accordingly, we affirm the convictions.

*Affirmed.*